# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

CHABELLY MARIE ORTIZ,

    Plaintiff,

-vs-

REAL PAGE, INC. d/b/a LEASINGDESK SCREENING,

    Defendant.

Case No.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, CHABELLY MARIE ORTIZ (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, REAL PAGE, INC. d/b/a LEASINGDESK SCREENING (hereinafter "LeasingDesk"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

## PRELIMINARY STATEMENT

1.  This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.  Consumer reporting agencies that create background reports, like LeasingDesk, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them

1

to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

3. When a consumer, like Plaintiff, disputes information through the consumer reporting agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

4. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

**JURISDICTION, VENUE, AND PARTIES**

5. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

6. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

7. Venue is proper in this District as Plaintiff is a natural person and resident of Lee County, Florida; the violations described in this Complaint occurred in this District; and LeasingDesk transacts business within this District.

8. Plaintiff is a "consumer" as defined by the FCRA.

9. LeasingDesk is a corporation with its principal place of business State of Texas and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

10. LeasingDesk is a "consumer reporting agency" as defined in 15 USC § 1681(f). LeasingDesk is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing background reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11. LeasingDesk disburses such background reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

12. On or about November 27, 2023, Plaintiff applied for housing with non-party, East Pointe Place Apartments.

13. Upon information and belief, East Pointe Place Apartments hired LeasingDesk to prepare a consumer report on Plaintiff in order to screen Plaintiff to determine her eligibility to lease a property from it.

14. Upon review of the background report prepared by LeasingDesk, East Pointe Place Apartments denied Plaintiff the opportunity to lease a property.

15. East Pointe Place Apartments denied Plaintiff the opportunity to lease a property from it because the background report prepared by LeasingDesk contained false and inaccurate information about Plaintiff.

16. Specifically, the background report prepared by LeasingDesk falsely stated that Plaintiff was a Defendant in an eviction proceeding filed in the County Court in Lee County, Florida, Case No. 19-CC-002587 (hereinafter "Eviction Proceeding").

17. The Eviction Proceeding was filed by Rafaela Saez for the real property located at 3341 Dora Street, Fort Myers, Florida 33516 and alleged it was for failure to pay rent due on May 1, 2019.

18. Plaintiff did previously rent the property at 3341 Dora Street, Fort Myers, Florida 33516, but Plaintiff had moved out of the property in 2015.

19. Therefore, at the time of the alleged missed rental payment on May 1, 2019, Plaintiff was not a tenant, nor a co-signer of the aforementioned property.

20.     Upon vacating the property at 3341 Dora Street, Fort Myers, Florida 33516 in 2015, Plaintiff had made all rental payments on time and did not owe any rental payments to the property owners.

21.     Heriberto Saez, to whom Plaintiff made payments while a tenant at 3341 Dora Street, Fort Myers, Florida 33516, attested to the fact that at the time of vacating the aforementioned property Plaintiff did not owe any rent payments.

> I Heriberto Saez certify that Chabelly M. Ortiz rented my mothers property in 2014 located at 3341 Dora St Fort Myers, Florida 33916. I Heriberto Saez was collecting monthly rent payments on behalf of my mother Rafaela Saez from Chabelly M. Ortiz. In 2015, Chabelly M. Ortiz moved out of the property and returned the keys. My mother Rafaela Saez passed away in 2021 and the property was sold. There was no pending charges to Chabelly M Ortiz and no rent was owed from Chabelly Ortiz at the time she returned keys of the property.
>
> STATE OF FLORIDA
> COUNTY OF LEE
> SUBSCRIBED AND SWORN BEFORE ME, by means of ☒ physical presence or ☐ online notarization on the 15 day of Dec, 23 by Heriberto Saez.
> Signature
>
> SARAH J. TAMPLIN
> NOTARY PUBLIC
> STATE OF FLORIDA
> My Comm. Expires July 11, 2024
> No. GG 987712

22. Shortly after learning of the inaccurate reporting, Plaintiff sent an email to LeasingDesk to dispute the erroneous reporting in her background report. Plaintiff advised LeasingDesk that the Eviction Proceeding did not involve her and should be removed from her background report.

23. Not knowing what else to do, on or about December 6, 2023, Plaintiff filed a Federal Trade Commission Identity Theft Report. In this Report, she explained that she is a victim of identity theft and that the Eviction Proceeding listed on her background report was not hers.

24. On or about December 8, 2023, LeasingDesk responded to Plaintiff's dispute by stating the Eviction Proceeding would remain on her background report and was updated to state a disposition of "Judgment for Plaintiff Satisfied".

25. LeasingDesk failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher.

26. LeasingDesk never attempted to contact Plaintiff during the alleged investigation.

27. Due to the continued inaccurate reporting, on or about December 11, 2023, Plaintiff mailed a detailed written dispute letter to LeasingDesk. Plaintiff advised that the Eviction Proceeding was not hers and that she had not been a tenant of the property located at 3341 Dora Street, Fort Myers, Florida 33516 since 2015.

In the letter, Plaintiff included a copy of her driver's license and Social Security card as proof of her identity. Further, in the letter, Plaintiff included images of the erroneous reporting, images of the notarized letter from Heriberto Saez, images of her filed Federal Trade Commission Identity Theft Report number 167067945, and other supporting documents.

28. Plaintiff mailed her detailed written dispute letter to LeasingDesk via USPS Certified Mail, tracking number 9589 0710 5270 1042 1058 11.

29. As of the filing of this Complaint, Plaintiff has not received dispute results in the mail from LeasingDesk pertaining to her latest dispute.

30. LeasingDesk has never attempted to contact Plaintiff about her disputes and has refused to conduct a meaningful investigation into her disputes as it is required to by law or otherwise make her background file accurate.

31. The information in the background report prepared by LeasingDesk is false and caused Plaintiff to be denied housing.

32. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

   i. Monies lost by attempting to fix her background file. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.    Loss of time attempting to cure the errors;

    iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by LeasingDesk's reluctance to fix the errors;

    iv.    Plaintiff remains hesitant to apply for housing due to LeasingDesk's errors; and

    v.    Defamation as LeasingDesk published inaccurate information to third party entities.

## **CAUSES OF ACTION**

### **COUNT I**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Real Page, Inc. d/b/a LeasingDesk Screening (Negligent)**

33.    Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-two (32) above as if fully stated herein.

34.    LeasingDesk violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the background report and background files it published and maintains concerning Plaintiff.

35. LeasingDesk allowed for Furnisher(s) to report inaccurate information on Plaintiff's background file.

36. LeasingDesk prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

37. LeasingDesk violated its own policies and procedures by not deleting the inaccurate information when Plaintiff provided them with the Federal Trade Commission Identity Theft Report, which continued sworn testimony of the fraud.

38. As a direct result of this conduct, action and/or inaction of LeasingDesk, Plaintiff suffered damages, including without limitation, denials for housing; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for housing, and the damages otherwise outlined in this Complaint.

39. The conduct, action, and/or inaction of LeasingDesk was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

40. Plaintiff is entitled to recover costs and attorney's fees from LeasingDesk in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, CHABELLY MARIE ORTIZ, respectfully requests that this Court award actual damages against Defendant, REAL PAGE, INC. d/b/a LEASINGDESK SCREENING, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Real Page, Inc. d/b/a LeasingDesk Screening (Willful)

41. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-two (32) above as if fully stated herein.

42. LeasingDesk violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the background report and background files it published and maintains concerning Plaintiff.

43. LeasingDesk allowed for Furnisher(s) to report inaccurate information on Plaintiff's background file.

44. LeasingDesk prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

45. LeasingDesk violated its own policies and procedures by not deleting the inaccurate information when Plaintiff provided them with the Federal Trade Commission Identity Theft Report, which continued sworn testimony of the fraud.

46. As a direct result of this conduct, action and/or inaction of LeasingDesk, Plaintiff suffered damages, including without limitation, denials for housing; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for housing, and the damages otherwise outlined in this Complaint.

47. The conduct, action, and/or inaction of LeasingDesk was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

48. Plaintiff is entitled to recover costs and attorney's fees from LeasingDesk in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, CHABELLY MARIE ORTIZ, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, REAL PAGE, INC. d/b/a LEASINGDESK SCREENING, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and

post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Real Page, Inc. d/b/a LeasingDesk Screening (Negligent)

49. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-two (32) above as if fully stated herein.

50. After receiving Plaintiff's disputes, LeasingDesk violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's background file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's background file, and (4) relying upon verification from a source it has to know is unreliable.

51. Despite the information provided by Plaintiff regarding the inaccurate reporting, LeasingDesk refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

52. As a direct result of this conduct, action and/or inaction of LeasingDesk, Plaintiff suffered damages, including without limitation, denials for

housing; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for housing, and the damages otherwise outlined in this Complaint.

53. The conduct, action, and/or inaction of LeasingDesk was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

54. Plaintiff is entitled to recover costs and attorney's fees from LeasingDesk in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, CHABELLY MARIE ORTIZ, respectfully requests that this Court award actual damages against Defendant, REAL PAGE, INC. d/b/a LEASINGDESK SCREENING, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Real Page, Inc. d/b/a LeasingDesk Screening (Willful)

55. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-two (32) above as if fully stated herein.

56. After receiving Plaintiff's disputes, LeasingDesk violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's background file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's background file, and (4) relying upon verification from a source it has to know is unreliable.

57. Despite the information provided by Plaintiff regarding the inaccurate reporting, LeasingDesk refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

58. As a direct result of this conduct, action and/or inaction of LeasingDesk, Plaintiff suffered damages, including without limitation, denials for housing; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for housing, and the damages otherwise outlined in this Complaint.

59. The conduct, action, and/or inaction of LeasingDesk was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

60. Plaintiff is entitled to recover costs and attorney's fees from LeasingDesk in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, CHABELLY MARIE ORTIZ, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, REAL PAGE, INC. d/b/a LEASINGDESK SCREENING, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CHABELLY MARIE ORTIZ, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, REAL PAGE, INC. d/b/a LEASINGDESK SCREENING, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 11th day of January 2024.

        Respectfully submitted,

        ***/s/ Frank H. Kerney, III, Esq.*** 
        Frank H. Kerney, III, Esq. 
        Florida Bar No.: 88672 
        Tennessee Bar No.: 035859 
        The Consumer Lawyers PLLC 
        412 E. Madison St. Ste 916 
        Tampa, Florida 33602 
        Telephone: 844.855.9000 
        Facsimile: 844.951.3933 
        Frank@TheConsumerLawyers.com 
        Secondary Email: 
        Lisa@theconsumerlawyers.com

        **/s/ *Octavio Gomez*** 
        Octavio "Tav" Gomez, Esq. 
        Florida Bar #: 0338620 
        Georgia Bar #: 617963 
        Pennsylvania Bar #: 325066 
        The Consumer Lawyers PLLC 
        412 E. Madison St. Ste 916 
        Tampa, Florida 33602 
        Cell: (813) 299-8537 
        Facsimile: (844) 951-3933 
        Primary Email: 
        Tav@theconsumerlawyers.com 
        *Attorneys for Plaintiff*